PHILLIP A. TALBERT
Acting United States Attorney
M. ANDERSON BERRY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2760
Facsimile: (916) 554-2900
Anderson.Berry@usdoj.gov

Attorneys for United States Postal Service

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE,<br><br>          Plaintiff,<br><br>v.<br><br>JAMKE, a California general partnership, STACEY CARLSON, in her personal capacity, as Trustee of the Ashlock Family 2013 Trust B, and as Trustee of the Ashlock Family Trust of 1993, GABRIEL ASHLOCK, in his personal capacity and as court appointed administrator of the Estate of Lonnie Ashlock, JOHN A. MYRTAKIS, KEN DAVID ELVING, and INVESTWEST PROPERTIES, a California general partnership,<br><br>          Defendants. | CASE NO.: 1:15−CV−01806−LJO−EPG<br><br>**STIPULATED PROTECTIVE ORDER** |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rules 141.1 and 143, this Stipulated Protective Order is entered into between the United States Postal Service ("USPS") and Defendants JAMKE, John Myrtakis and Ken D. Elving (collectively, "Defendants"), by and through their attorneys of record. Through this Protective Order, the Court specifies how the USPS shall provide "Protected Documents and Information" to Defendants and/or their counsel. In addition, the Order specifies how protected documents and information are to be designated, handled, provided to witnesses,

experts and court reporters and filed in this proceeding.  The USPS and Defendants hereby stipulate and agree that "Protected Documents and Information" shall be handled in the manner indicated herein and as set forth below.

## I. DEFINITIONS

The phrase "Protected Documents and Information," as used in this Order, means any document (*e.g.*, a pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by a party to this litigation, or any deposition, sealed testimony or argument, declaration, or affidavit taken or provided during this litigation, that contains confidential or otherwise sensitive financial, business, personal, scientific, technical, economic, or engineering information that is not readily ascertainable through proper means by the general public and has been marked as "Proprietary," "Confidential," or "Protected," or with some other legend that communicates the protected nature of the information to the recipient.

## II. IDENTIFICATION OF PROTECTED DOCUMENTS AND INFORMATION

In order to identify which documents and information are protected and governed by this order, any Protected Documents and Information disclosed or exchanged shall contain the following language: "CONFIDENTIAL RECORDS SUBJECT TO PROTECTIVE ORDER."  Further, any Protected Documents and Information disclosed, or exchanged, pursuant to this order shall be disclosed or exchanged in hard-copy, or if provided electronically, such Protected Documents and Information shall be placed on a disc or flash drive (with password protection) and delivered by mail or personal delivery. No Protected Documents and Information shall be disclosed or exchanged via e-mail or transmitted electronically, as such a disclosure/exchange may present problems with complying with the destruction or return of all such Protected Documents and Information at the conclusion of this case.  Copies of the Protected Documents and Information may be made by the parties as necessary to discuss with witnesses and to proceed with the prosecution or defense of the case, but all such copies shall be governed by this order and the requirements herein.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive USPS's right to secure protection under this Order for such material.  Upon timely

correction of a designation, Defendants must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### III.  USE OF PROTECTED DOCUMENTS AND INFORMATION

Protected Documents and Information, as described and defined above, may be used solely for the purposes of litigation, or a government investigation, regarding the subject matter of the contract, and may not be given, shown, made available, discussed, or otherwise conveyed in any form except as provided herein or as otherwise required by federal law or regulation.

The Protected Documents and Information shall be disclosed only to the following, unless otherwise ordered by the court or permitted in writing by USPS:

(a)  Defendants' outside counsel of record in this action, including counsel of record for co-defendants, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees (including in-house counsel) of the Defendants in this action to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Defendants' experts or consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by USPS or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Documents and Information must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)  the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

*Stip. Protective Order*                                                                                                                    3

### IV. FILING UNDER SEAL

Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Any Protected Documents and Information that are filed with the Court shall be filed under seal with the designation required by Section II of this order. Any Protected Documents and Information used as deposition exhibits shall be designated as required by Section II of this order and kept under seal by the parties and by any court reporters employed by the parties. The clerk of the court shall accept for filing any documents identified by the parties under the procedure set forth in Local Rule 141, and designated as required by Section II of this order, as filed under seal and shall protect such documents and maintain them in a manner that is consistent with this order.

### V. BREACH OF THE PROTECTIVE ORDER.

If a party discovers any material breach of any provision of this Protective Order, the party must promptly report the breach to the other parties and immediately take appropriate action to cure the violation and retrieve any protected information that may have been disclosed to individuals not admitted under this Protective Order. The parties must reasonably cooperate in determining the reasons for any such breach.

### VI. SEEKING RELIEF FROM THE PROTECTIVE ORDER.

Nothing contained in this order shall preclude a party from seeking relief from this Protective Order, including a challenge to the designation of any document as protected documents and information, through the filing of an appropriate motion with the court setting forth the basis for the relief sought.

### VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

If a Defendant is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated as Protected Documents and Information by this Order, Defendant must:

(a) promptly notify in writing the USPS and its counsel of record. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by USPS and its counsel of record.

If USPS timely seeks a protective order, the Party served with the subpoena or court order shall not produce any protected information in this action before a determination by the court from which the subpoena or order issued, unless Defendant has obtained USPS's permission. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**VIII.   RETURN OF DOCUMENTS**

Upon final completion of this case before the United States District Court and/or any subsequent appeal, the original and all copies of the Protected Documents and Information, in whatever form or medium, will be either returned to the originator or shall be destroyed. The implementation of this provision shall be the subject of an appropriate order by this court at the conclusion of this matter.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

By:   */s/ M. Anderson Berry*
M. ANDERSON BERRY
Assistant United States Attorney

By:   */s/ George Rodarakis*
GEORGE RODARAKIS
RODARAKIS & SOUSA, APC
Attorney for Defendants JAMKE,
John Myrtakis and Ken D. Elving

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of USPS v. JAMKE, *et al*, Case No. 1:15−CV−01806−LJO−EPG. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

*Stip. Protective Order*                                                                                                   6

1  IT IS SO ORDERED.
2
3     Dated:   **September 1, 2016**                /s/ Erica P. Grosjean
4                                                   UNITED STATES MAGISTRATE JUDGE

*Stip. Protective Order*                                                            7