UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES POSTAL SERVICE,<br><br>  Plaintiff,<br><br>v.<br><br>JAMKE, a California general partnership, STACEY CARLSON, in her personal capacity, as Trustee of the Ashlock Family 2013 Trust B, and as Trustee of the Ashlock Family Trust of 1993, GABRIEL ASHLOCK, in his personal capacity and as court appointed administrator of the Estate of Lonnie Ashlock, JOHN A. MYRTAKIS, KEN DAVID ELVING, and INVESTWEST PROPERTIES, a California general partnership,<br><br>  Defendants. | CASE: 1:15−CV−01806−LJO−EPG<br><br>JUDGMENT |
| AND RELATED CROSS ACTIONS. | |

  1.  The Court hereby enters final judgment for the United States Postal Service ("USPS") in accordance with the Order of January 12, 2017 (ECF No. 52), and orders all Defendants to complete the closing and transfer of all right, title, and interest in the property known as the Merced Post Office (located at 2334 M. Street, Merced, California) to USPS within 30 days after the filing of this judgment (the "Closing Date"), on the terms and conditions set forth below, in exchange for $300,000, which sum has been deposited in escrow by USPS.[1]

  2.  No later than five (5) business days before the Closing Date, Defendants JAMKE and

---

[1] Defendants JAMKE and Gabriel Ashlock object to the Court's ordering specific performance, instead indicating that the Court should simply enter an order granting summary judgment for USPS. (ECF Nos. 54, 55.) USPS is entitled to specific performance of the terms of the breached contract. These terms are consistent with the Court's January 12, 2017 Order and the law. (ECF No. 52); *see also United States Postal Serv. v. Bellevue Post Office, LLC*, 997 F. Supp. 2d 1184, 1191 (W.D. Wash. 2014) (interpreting a similar contract, granting summary judgment for USPS and ordering specific performance), *aff'd sub nom. United States Postal Serv. v. Ester*, 836 F.3d 1189 (9th Cir. 2016).

Stacey Carlson (in her personal capacity, as Trustee of the Ashlock Family 2013 Trust B, and as Trustee of the Ashlock Family Trust of 1993) shall submit to USPS draft deeds of conveyance to transfer fee simple title to the property to USPS sufficient to meet all recording requirements in the County of Merced, California.

3.  No later than five (5) business days before the Closing Date, all Defendants shall submit all documents required by the title company or closing agent selected by USPS (the "Closing Agent") to complete the closing of the sale of the property to USPS and to vest fee simple title in USPS. All Defendants shall cooperate with the Closing Agent to the extent the Closing Agent identifies any other documents or actions necessary to transfer fee simple title to USPS on the Closing Date.

4.  After title is conveyed in accordance with this order, fee simple title shall be deemed, by this order, to have vested in USPS as of November 30, 2015, the date that conveyance of the property to USPS would have occurred but for Defendants' default. This order may be recorded in the official records of Merced County, California.

5.  Defendants shall pay such costs or take such actions as may be required by the Closing Agent to convey fee simple title to the property to USPS on the Closing Date free and clear of: (a) any taxes or assessments, whether or not shown as existing liens as of the Closing Date by the records of any taxing authority or by the Public Records; (b) any rights, interests or claims of third parties to the property, if any; and (c) any and all other liens or encumbrances, defects, adverse claims or other matters, if any.[2]

---

[2] Defendants object to this provision on the grounds that they cannot provide free and clear title. (ECF No. 54 at 2.) Defendants contend that one-half interest in the property originally belonging to Lonnie Ashlock is currently in a constructive trust imposed by the state probate court. (*Id.*) In its interim judgment in favor of Gabriel Ashlock, the probate court found that the one-half interest was fraudulently transferred to Stacy Carlson. (*Id.*) According to Defendant, these escrow instructions, which require Defendants to convey the property free and clear of encumbrances, "create an impossibility of performance by ordering a free and clear title conveyance by Stacy Carlson, something the United States knows would be an unlawful act." (ECF No. 54 at 2.) The issue of whether Stacy Carlson or Gabriel Ashlock was the rightful owner the one-half interest originally belonging to Lonnie Ashlock at the time that the property should have been transferred to USPS in November 2015 is not the subject of this litigation. Although the Court referenced the probate court's interim judgment, the Court did not make any findings as to the ownership of the disputed one-half interest. (ECF No. 52 at 16-18.) As the Court explained in its Order:

> USPS's right to purchase the property under the fixed price purchase option was binding and legally enforceable against whomever owned the property – regardless of whether that was Carlson, Gabriel, or someone else . . . . [T]he dispute between Carlson and Gabriel regarding ownership of the property, and Gabriel's allegations of undue influence, fraud, and elder abuse, are not material to the instant dispute beyond the question of whether the proper party was noticed.

6. At the time fee simple title is conveyed to USPS, the balance of the sale proceeds shall be held in escrow by the Closing Agent to be disbursed as follows. The uncontested half-interest owned by JAMKE may be disbursed to them in whatever manner they choose. The contested half-interest shall be distributed to the constructive trust imposed by the Superior Court of California, County of Stanislaus (Case No. 445230).[3] (*See* ECF No. 44-5, at 11-12.)

7. Defendants are ordered to file any and all releases and documentation required by the Closing Agent to remove, by the Closing Date, the notice of pendency of court action filed in the Superior Court of the State of California, County of Stanislaus, in February 2014 by, or on behalf of, Gabriel Ashlock.  This includes, without limitation, removal from legal title to the property and all applicable land records any and all references to or claims of *lis pendens*, by the Closing Date.

8. At the time of conveyance of title to USPS, no Defendant in this proceeding, whether individually and/or in a representative capacity, shall be deemed to have any right, title, and interest in the property known as the Merced Post Office.

9. Notwithstanding this entry of final judgement, the undersigned Chief District Judge shall retain jurisdiction to enforce his orders in this case.[4]

IT IS SO ORDERED.

Dated:   **February 3, 2017**              /s/ Lawrence J. O'Neill              
                                  UNITED STATES CHIEF DISTRICT JUDGE

---

The undisputed facts confirm that the proper parties were noticed, and the option exercised in accordance with the terms of the contract.

(*Id.* at 17-18.) This Court granted summary judgment in favor of USPS and against Carlson, Gabriel Ashlock, and JAMKE. Those parties must work together to provide free and clear title to USPS when they convey the post office property in accordance with the terms of this judgment.

[3] Defendants object to the terms of the distribution of the escrow funds. As the Court explained in note 2 above, the ownership of the one-half interest originally belonging to Lonnie Ashlock is not within the scope of this litigation, and is properly before the probate court.

[4] Defendants contend that they are owed rent, prejudgment interest, taxes, insurance, and other expenses incurred since the termination of the 1965 Lease Agreement. (ECF No. 54 at 2; ECF No. 55 at 1.) As both parties agreed and as this Court found in its Order, "USPS made all of the rent, tax, and maintenance payments required under the 1965 Lease Agreement and amendments." (ECF No. 52 at 4.) To the extent that other money or payments were owed to Defendants, those issues were not properly raised in this litigation.